IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$4,566.00 in U.S. Currency,<br><br>Defendant. | CV 16–120–M–DLC<br><br>DECREE OF FORFEITURE |

This matter having come before the Court on the United States' Unopposed Motion for Entry of Default as to Unknown Claimants and for Forfeiture Decree, and the Court having reviewed the motion and having previously approved the Settlement Agreement filed with the Court, hereby makes the following Findings of Fact, Conclusions of Law and Decree:

**FINDINGS OF FACT**

1. On September 16, 2016, the United States filed a Verified Complaint for Forfeiture *In Rem* seeking the forfeiture of $4,566.00 in United States currency pursuant to 21 U.S.C. § 881(a)(6) for currency seized from Earl Scott John as set forth in the Verified Complaint. (Doc. 1).

2. On October 17, 2016, the U. S. Marshals executed the Warrant of Arrest *In Rem* on the Defendant property. (Doc. 7).

-1-

3. On September 19, 2016, the United States sent Notice of Complaint for Forfeiture to the only known potential claimant, Earl Scott John, and to his counsel John Rhodes. (Doc. 2). Earl Scott John through counsel, John Rhodes filed a timely claim to the property and answer to the forfeiture complaint. (Docs. 6 and 9).

4. In accordance with Supplemental Rule G(4)(a)(iv)(C), Notice of Civil Forfeiture to any other person who may have a claim to the property was published by posting the notice on an official government internet website for at least 30 consecutive days beginning on September 21, 2016, and ending on October 20, 2016 as verified in the Declaration of Publication filed with the Court as document 8. The Notice of Forfeiture Action published provides as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (September 21, 2016) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Doc. 8, Att. 1 Advertisement Certification Report, p. 2). The court record reflects that no claims were filed by any person within 60 days of the first day of publication, other than the claim of Earl Scott John. Thus, the Court may enter default as to unknown claimants.

5. The United States and Claimant Earl Scott John entered into a Settlement Agreement resolving the claims of Earl Scott John. (Doc. 15). The Settlement Agreement provides that Claimant Earl Scott John consents and agrees that there was probable cause to arrest the Defendant property, and further agrees to the entry of a judgment on the Verified Complaint for Forfeiture *In Rem* in favor of the United States in the amount of $3,566.00. The United States agreed to release the remaining $1,000.00 to Claimant Earl Scott John. (Doc. 15, ¶¶ 3-4). The Settlement Agreement further provides that the United States shall return the $1,000 to Earl Scott John in a check made payable to Claimant Earl Scott John, with said check being mailed to Claimant's counsel of record, John Rhodes, at his address of record, for distribution to the Claimant. The Settlement Agreement has been approved by this Court in its Order. (Doc. 16).

Based upon the Foregoing Findings of Fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States filed a Verified Forfeiture Complaint *In Rem* to forfeit $4,566.00 in United States currency. Under the Settlement Agreement filed with the Court, $3,566.00 shall be forfeited to the United States, and $1,000.00 shall be returned to Claimant Earl Scott John as specified above in paragraph 5 of the Findings of.

2. Pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) or (c), venue is proper in this District Court because this is a civil proceeding for the forfeiture of property found in this district.

3. In accordance with 21 U.S.C. § 881 the defendant property in the amount of $3,566.00 is subject to forfeiture. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture.

4. Notice of this action was properly provided in accordance with Supplemental Rule G(4). No other persons, other than Earl Scott John have filed a claim, and Claimant Earl Scott John has entered into a Settlement Agreement in this case. Default is therefore proper as to any other potential claimants under Fed. R. Civ. P. 55(b)(2).

5. Based on the facts set forth in the Verified Forfeiture Complaint *In Rem* and the Settlement Agreement filed with this Court, $3,566.00 in U.S. currency constitutes monies furnished or intended to be furnished in exchange for a controlled substance or monies used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*. Thus, the defendant property is liable for forfeiture in the amount of $3,566.00 to the United States for its use in accordance with 21 U.S.C. § 881(a)(6). The remaining funds in the amount of

$1,000.00 shall be returned to claimant Earl Scott John under the terms of the Settlement Agreement.

Based upon the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. United States currency in the amount of $3,566.00 is forfeited to the United States and shall be disposed of in accordance with law.

2. The remaining currency in the amount of $1,000.00 will be returned to claimant Earl Scott John under the terms of the Settlement Agreement. The United States Marshals Service, pursuant to the terms of the Settlement Agreement, is directed to make payment in a check made payable to Earl Scott John in the amount of $1,000.00, with said check being mailed to Claimant's counsel of record, John Rhodes, at his address of record, Federal Defenders of Montana, Missoula Branch Office, 125 Bank Street, Suite 710, Missoula, MT 59802, for distribution to the Claimant.

3. Any other claims to the defendant property are barred by default.

DATED this 17th day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court